[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, a deputy sheriff, has filed a counterclaim containing three counts. The first and third counts allege overpayment to the plaintiff of amounts collected by the defendant. The second count is an attempt to collect sheriff's fees on amounts paid directly by the taxpayer to the plaintiff City for overdue taxes. The City has filed a motion to strike the entire counterclaim and the request for attorney's fees, punitive damages and interest. CT Page 10654 The defendant has acknowledged that the motion to strike can be granted as to claims for attorney's fees and punitive damages.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108. If the facts provable under the allegations of the pleading support a cause of action the motion fails. Id., 109. The plaintiff incorrectly assumes that an action for unjust enrichment is required to recover an overpayment of money. The first and third counts state a cause of action since the facts alleged in them are sufficient to allow recovery of any overpayment of funds which the defendant was required to account for as an agent of the City.
The second count alleges that the City gave the defendant a tax warrant to collect delinquent taxes from a taxpayer, that the defendant served the warrant, and that the taxpayer paid the City $32,213.72 through an attorney. The defendant sheriff was never paid for his services by the taxpayer or the City. The City denies responsibility to pay the charges since the sheriff did not collect the taxes, and claims that the sheriff must obtain payment for his fees from the taxpayer.
There are several methods available to a municipality to collect delinquent property taxes. Among them the municipal tax collector or his agent can make demand on the taxpayer, and then levy to collect the tax upon goods and chattels of the taxpayer under section 12-155 of the General Statutes. The municipality can bring an action to recover the taxes under section 12-161, or use the lien procedure under section 12-195a et seq. to recover personal property taxes. Municipal tax liens on real property can be filed pursuant to section 12-172 and foreclosed by the tax collector under section 12-181 and various other statutes. It is obvious from these statutes that a municipality and its tax collector can collect delinquent taxes without employing a deputy sheriff for that purpose.
Section 12-162 of the General Statutes authorizes the tax collector to deputize a sheriff, deputy sheriff, constable or other officer authorized to serve civil process to serve a warrant for the collection of assessed taxes. Under that statute, after demand has been made for payment, the tax collector can issue an alias tax warrant to one of the designated officers, using the form in the statute. It authorizes the officer to collect the tax from the taxpayer, and in default of payment to levy for the unpaid taxes with interest, penalties and charges of the municipality upon the CT Page 10655 goods, chattels, or real estate of the taxpayer, demand payment from any bank indebted to the taxpayer or garnishee the wages due from the taxpayer's employer for the amount owed the municipality. The officer serving the warrant is "entitled to collect from such person [the taxpayer] the fees allowed by law for serving executions issued by any court," and any officer "who executes such warrant and collects any delinquent municipal taxes as a result thereof shall receive in addition to expenses otherwise allowed" various percentages of the amount collected under the warrant. (Emphasis added.) It is apparent from the terms of the statute that any deputy sheriff who serves an alias tax warrant is required to collect the fees for serving the execution from the taxpayer, not the municipality. To recover the additional fees under the statute the sheriff must execute the warrant and collect delinquent taxes. Merely serving the alias tax warrant on the taxpayer is not enough. The second count of the counterclaim does not specify that the defendant collected anything from the taxpayer or levied upon any of the taxpayer's property before the tax was paid directly to the City. The delivery of an alias tax warrant to a sheriff does not bar the City or its tax collector from pursuing other methods to collect taxes.
The motion to strike the second count of the counterclaim and the claim for attorney's fees and punitive damages is granted; the motion to strike the first and third counts of the counterclaim is denied.
ROBERT A. FULLER, JUDGE